# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

ROBERT LYONS,

    Plaintiff,

v.

UNUM LIFE INSURANCE COMPANY
OF AMERICA;

    Defendant.
_____/

Case No.: 18-CV-11607

## **COMPLAINT FOR DISABILITY BENEFITS**

Plaintiff, Robert Lyons, by and through undersigned counsel hereby files his Complaint against the Defendant, Unum Life Insurance Company of America, and says:

### I. JURISDICTION AND VENUE

1. Robert Lyons' claims are filed pursuant to 29 U.S.C. § 1001, *et seq*. (ERISA). Venue and jurisdiction are, therefore, proper pursuant to 29 U.S.C. § 1132.

### II. PARTIES

2. Plaintiff, Robert Lyons ("Mr. Lyons"), is a resident of South Dennis in Barnstable County, Massachusetts. Defendant, Unum Life Insurance Company of America, (hereafter "Unum" or "Defendant") is a foreign corporation doing business in Massachusetts. Defendant is the insurer of the long-term disability policy at issue in this cause.

### III. FACTS

3. At all times material to this action, there was in full force and effect a group insurance policy ("the LTD Policy") for long-term benefits, issued to Mr. Lyons' employer, Coca-Cola Refreshments USA, Inc., which constituted a binding contract of insurance between Defendant and Mr. Lyons.

4. Mr. Lyons was employed at Coca-Cola Refreshments USA, Inc. as a Field Service Supervisor. By virtue of his employment at Coca-Cola Refreshments USA, Inc., Mr. Lyons was an eligible participant of the LTD Policy at all times material to this action.

5. The purpose of the LTD Policy was to provide Mr. Lyons with a percentage of his monthly earnings in the event that he became disabled.

6. Disability is defined under the LTD Policy as:

> *You are disabled when Unum determines that:*
> - *you are **limited** from performing the **material and substantial duties** of your **regular occupation** due to your **sickness** or **injury**; and*
> - *you have a 20% or more loss in your indexed monthly earnings due to the same sickness or injury.*
>
> *After 24 months of payments, you are disabled when Unum determines that due to the same sickness or injury, you are unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training or experience.*

7. Mr. Lyons suffers from multiple medical conditions and disabling symptoms, including, but not limited to: polyarthritis, osteoarthritis of the knees necessitating bilateral total knee replacements, chronic venous insufficiency, severe pedal edema, and ulcers and scabbing in both his legs following the surgeries.

8. Due to his disability, Mr. Lyons has been unable to perform each of the Material and Substantial Duties of his own occupation at all times material to this action as well as the material and substantial duties of any gainful occupation for which he is reasonably fitted by education, training or experience. Accordingly, Mr. Lyons is disabled under the terms of the LTD Policy.

9. Mr. Lyons ceased work on or about September 5, 2014.

10. Based on medical records provided, the Social Security Administration has found Mr. Lyons to be disabled and now provides him with monthly Social Security Disability Income payments.

11. In accordance with the procedures set forth by the policy, Mr. Lyons timely notified and submitted Proof that he was Disabled under the terms of the LTD Policy.

12. In recognition of the severity of his Disability, Defendant approved and paid benefits from March 6, 2015 through October 26, 2017.

13. By letter dated October 26, 2017, Defendant informed Mr. Lyons that it was terminating his claim for disability.

14. Mr. Lyons timely appealed Defendant's termination of his long term disability benefits.

15. By letter dated June 5, 2018, Defendant denied Mr. Lyon's appeal.

16. Mr. Lyons timely exhausted all mandatory appeals with Defendant under ERISA.

17. The termination of Mr. Lyons' disability benefits was a breach of the terms of the LTD Policy, and the decision was wrong and an abuse of discretion.

18. The termination of Mr. Lyons' disability benefits was a breach of fiduciary duties owed to Mr. Lyons under ERISA. Defendant further failed to discharge its duties with respect to discretionary claims processing solely in the interests of Mr. Lyons as a participant of the long term disability Policy.

### IV. COUNT I: PLAN BENEFITS

Plaintiff incorporates the allegations contained in Paragraphs 1 through 18 as if fully stated herein and says further that:

19. Mr. Lyons is entitled to certain benefits of the long term disability Policy consisting of past long-term disability benefits including prejudgment interest, retroactive to the day benefits were terminated and any other benefits owed under the welfare plan issued by his employer pursuant to 29 U.S.C. §1132(a)(1)(B).

20. Mr. Lyons is entitled to the benefits identified herein because:

    a. the benefits are permitted benefits under the long term disability policy;

    b. Mr. Lyons has satisfied all conditions to be eligible to receive the benefits;

    c. Mr. Lyons has not waived or otherwise relinquished his entitlements to the benefits.

21. Defendant has refused to pay the benefits sought by Mr. Lyons, ignoring the medical records and opinions of the attending physicians without any contrary credible medical evidence, which constitutes a wrong and arbitrary and capricious breach of the long-term policy.

## V. COUNT II: ATTORNEY'S FEES

Plaintiff incorporates the allegations contained in Paragraphs 1 through 21 as if fully stated herein and says further that:

22. To the extent that the Defendant violated any provisions of Subchapter I of Title 29, Chapter 18 of the United States Code, Mr. Lyons is entitled to reasonable attorney's fees and costs of this action pursuant to 29 U.S.C. §1132(g)(1).

## VI.  RELIEF REQUESTED

Plaintiff incorporates the allegations contained in Paragraph 1 through 22 as if fully stated herein and says further that:

23. As a result of the acts and/or omissions of Defendant as alleged herein, Defendant owes Mr. Lyons unpaid long-term disability benefits, plus interest and/or Mr. Lyons is entitled to appropriate equitable relief as a result of the acts and/or omissions of Defendant.

24. The Defendant is also liable for Mr. Lyons' attorney's fees and the costs of litigation in an amount to be proven at trial.

25. The Defendant is also liable to place Mr. Lyons in the position he would have enjoyed under the policy had Defendant not wrongfully terminated his benefits.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Robert Lyons, prays for a judgment against Defendant for the relief as plead herein and for such other equitable relief as this Honorable Court deems just and proper.

*Respectfully submitted this 31st day of July, 2018*
/s/ Jonathan T. Macedo_____
Jonathan T. Macedo
BBO# 687355
Macedo.jonathan@gmail.com
Vincent A. Murray, Jr.
BBO# 365120
vmurray@murraylawoffice.com

**Murray Law Office**
2 Center Plaza, Suite 620
Boston, MA 02108
Telephone: (617) 720-4411
Facsimile: (617) 723-5370
*Attorneys for Robert Lyons*